IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

WENDY R. ABBOTT                                                                 PLAINTIFF

v.                                    CIVIL NO. 18-03121

ANDREW SAUL[1], Commissioner                                              DEFENDANT
Social Security Administration

**MEMORANDUM OPINION**

Plaintiff, Wendy R. Abbott, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (the "Commissioner") denying her claim for a period of disability and disability insurance benefits ("DIB") under Title II of the Social Security Act (hereinafter "the Act"), 42 U.S.C. § 423(d)(1)(A). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405 (g).

Plaintiff protectively filed her application on December 22, 2016. (Tr. 21). In her application, Plaintiff alleged disability beginning on June 19, 2015, due to left knee injury and obesity. (Tr. 21, 245, 249). An administrative hearing was held on February 2, 2018, at which Plaintiff appeared with counsel and testified. (Tr. 41-60). Plaintiff's grandfather and a vocational expert also testified. Id.

---

[1] Andrew M. Saul has been appointed to serve as Commissioner of Social Security, and is substituted as Defendant, pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure.

1

By written decision dated May 23, 2018, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe: disorder of the bilateral knees, headaches, obesity, depression, anxiety, and posttraumatic stress disorder. (Tr. 18, 23-24). However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the severity of any impairment listed in the Listing of Impairments found in 20 CFR Part 404, Subpart P, Appendix 1. (Tr. 24-26). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> [P]erform sedentary work as defined in 20 CFR 404.1567(a) except that she can occasionally balance, stoop, kneel, crouch, crawl and climb ramps, stairs, ladders, ropes and scaffolds. She must avoid concentrated exposure to extreme cold; extreme heat; humidity; noise; fume, odors, gases, poor ventilation and similar environments; and hazards, such as dangerous machinery and unprotected heights. In addition, the claimant is limited to simple, routine and repetitive tasks involving only simple work-related decisions with few, if any, workplace changes and no more than incidental contact with coworkers, supervisors and the general public.
> (Tr. 26-32).

The ALJ found Plaintiff would be unable to perform her past relevant work but would be able to perform the representative occupations of document preparation clerk or ordnance inspector/checker. (Tr. 32-33).

Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 6). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 14, 15).

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F. 3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314

F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000).

Plaintiff's sole argument on appeal is that the ALJ's determination that Plaintiff had the physical RFC to occasionally balance, stoop, kneel, crouch, crawl, climb ladders, ropes and scaffolds was unsupported by substantial evidence as it was inconsistent with her bilateral knee limitations. (Doc. 14, p. 2). The Court has reviewed the entire transcript and the parties' briefs. For the reasons stated in the ALJ's well-reasoned opinion and in the Government's brief, the Court finds Plaintiff's arguments on appeal to be without merit and finds the record as a whole reflects substantial evidence to support the ALJ's decision. Accordingly, the ALJ's decision is hereby summarily affirmed and Plaintiff's Complaint is dismissed with prejudice. *See Sledge v. Astrue*, 364 Fed. Appx. 307 (8th Cir. 2010)(district court summarily affirmed the ALJ).

IT IS SO ORDERED this 7th day of February 2020.

/s/ *Erin L. Wiedemann*
HON. ERIN L. WIEDEMANN
UNITED STATES MAGISTRATE JUDGE